NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 04 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RALPH LEE LOCKHART, as Personal
Representative of Connie A. Black,

No. 13-56910

       Plaintiff - Appellant,

D.C. No. 8:12-cv-00545-DOC-
MLG

v.

THE RITZ-CARLTON HOTEL
COMPANY, L.L.C. and THE RITZ-
CARLTON HOTEL COMPANY
LIMITED,

MEMORANDUM[*]

       Defendants - Appellees.

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted December 11, 2015
Pasadena, California

Before: PREGERSON, TASHIMA, and CALLAHAN, Circuit Judges.

While vacationing at the Ritz-Carlton hotel in Dubai (Dubai Ritz), Ms.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Black fell down some partially concealed stairs and seriously injured her ankles. She sued a number of Ritz-Carlton entities. After her case was removed to the Central District of California, the two remaining defending entities, the Ritz-Carlton Hotel Company Limited (Ritz Bermuda) and the Ritz-Carlton Hotel Company, L.L.C. (Ritz Delaware), moved for dismissal for lack of specific jurisdiction and for failure to state a plausible claim. The district court dismissed the action and Ms. Black appealed.[1] We affirm because Ms. Black's claim is not related to any of Ritz Bermuda's minimal contacts with California and her First Amended Complaint (FAC) does not present a plausible basis for holding Ritz Delaware responsible for what happened in the Ritz-Carlton hotel in Dubai.

**1.** The district court correctly determined that Ritz Bermuda is not subject to jurisdiction in California. Ritz Bermuda is a company organized under the laws of Bermuda with its principal place of business in either Maryland or Bermuda. It has no presence in California. Thus, there is no general jurisdiction over Ritz Bermuda.

However, Ritz Bermuda does use a website maintained by Ritz Delaware to advertise in and accept reservations from California. Ms. Black alleges that Ritz

---

[1]     Ms. Black died while her appeal was pending and her representative has been substituted as a party. *See* Fed. R. App. P. 43(a)(1).

Delaware, which is present in California, acted as Ritz Bermuda's ostensible agent. The district court found that Ritz Delaware was neither a franchisor, a parent company, nor an agent of Ritz Bermuda. Under California law, ostensible agency arises "when the principal intentionally, or by want of ordinary care, caused a third person to believe another to be his agent who is not really employed by him." Cal. Civ. Code § 2300. Ms. Black's allegations that defendants represented to her and the public that Ritz-Carlton was a single worldwide entity may be sufficient, at the pleadings stage, to raise the possibility of ostensible agency, but we need not decide this issue.

Even if Ritz Delaware were considered Ritz Bermuda's agent, there is no specific jurisdiction over Ritz Bermuda. For specific jurisdiction to exist: (1) the non-resident must purposefully direct his activities to the forum state or purposefully avail himself of the privilege of conducting activities in the forum state; (2) "the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." *Mavrix Photo, Inc. v. Brand Techn. Inc.*, 647 F.3d 1218, 1227–28 (9th Cir. 2011). The FAC does not meet the first prong. Under this prong, "Jurisdiction is proper . . . where the contacts proximately result from actions by the defendant himself that create a

'substantial connection' with the forum State." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (citations omitted). Even assuming that Ritz Delaware was Ritz Bermuda's ostensible agent, the FAC does not allege and the record does not establish that Ritz Bermuda (the operator of the Dubai Ritz) directed Ritz Delaware to operate the website on its behalf. On the contrary, the record discloses that Ritz Bermuda does not authorize or promote content on the website. Instead, it is the owner of the Dubai Ritz (Mohamed Saeed Almulla & Sons, who is not a party to this lawsuit) that provides all internet advertising and pays for use of the international reservation system via websites and toll free telephone numbers. In short, there is no evidence in the record that Ritz Bermuda, the principal sought to be charged, undertook any act to generate Ms. Black's belief. Ms. Black has not met her burden of making a prima facie showing of meeting the first prong of the specific jurisdiction test.

**2.** The district court also correctly dismissed Ms. Black's FAC against Ritz Delaware. There is no question that Ritz Delaware is present in California. However, a complaint must be facially plausible in order to survive a motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In considering a motion to dismiss, a court may consider evidence if: (1) the complaint refers to the document; (2) the document is

central to the plaintiff's claim; and (3) no party questions the authenticity of the document. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). Here, these conditions are met. The FAC refers to the Restated Operating Agreement (ROA), which specifically states that as of July 2004, Ritz Bermuda, not Ritz Delaware, is responsible for the operation of the Ritz-Carlton hotel in Dubai. The ROA addresses a relationship that is central to Ms. Black's claims and Ms. Black does not deny the ROA's authenticity. Instead, Ms. Black argues that her allegations that defendants represented to her and the public that Ritz-Carlton was a single worldwide entity must be accepted as true and creates an issue for a jury. This argument fails because the ROA deprives Ms. Black's conclusory claim against Ritz Delaware of plausibility.

The district court's dismissal of Ms. Black's First Amended Complaint is **AFFIRMED**.